CARMEN RICKER v. CLERK OF THE COMMON PLEAS OF MORRIS COUNTY ET AL.

Argued June 3, 1913—Decided November 10, 1913.

The general words in the act of 1893 (*Comp. Stat.*, p. 4454, *pl.* 78*g*) authorizing the vacation of roads, are to be restricted to the class of roads described in the preamble.

On *certiorari.*

Before Justices SWAYZE, BERGEN and VOORHEES.

For the prosecutors, *Elmer King* (*King & Vogt* on the brief).

For the defendants, *Ralph E. Lum* (*Lum, Tamblyn & Colyer* on the brief).

The opinion of the court was delivered by

SWAYZE, J.  Pending the proceedings to review the resolution just set aside in case No. 372 of the June Term, other proceedings were taken to locate a portion of the same road under the act of 1893. *Comp. Stat.*, p. 4464, *pl.* 78*g*. This act is declared by the preamble in so many words to be a remedial act, and the mischief sought to be remedied is set forth at length. · The preamble recites that by reason of the opening and grading of streets and avenues in new towns and colonies, parts of old laid-out roads running through the wild lands thereof have become useless and practically abandoned, the said new streets and avenues affording better access to the same points.  Obviously the act was not meant to apply to a case of an old country road, in a remote and old-settled district, where there have been no new towns and colonies, and no streets and avenues affording better access.  In view of the expressed purpose of the act, we think the case is one where general words are to be restricted in their meaning.  The act

is unusual in its provisions. It authorizes the vacation of a part of any public road upon an application to the Common Pleas by ten freeholders (who may, so far as the act says, be the very persons whose land is burdened with the road), with the consent in writing of the owners of the land and of the township committee. No notice, public or otherwise, to those interested in the continuance of the road, is required. No power is conferred upon the Common Pleas to hear any opposition or to take any action except to cause the papers to be filed. The whole power to vacate a portion of a highway, which may in effect destroy the value of the whole by vacating an essential part, is put in the hands of the parties interested and of the township committee. Such a power ought, to say the least, to be carefully guarded. We think it surely must be limited to the precise class of cases which the legislature had in mind. The general words of an act may sometimes be restricted in their meaning by a reference to the preamble. *Leonard* v. *Lawrence,* 3 *Vroom* 355; *Cooper Hospital* v. *Camden,* 41 *Id.* 478.

The proceedings in this case were without statutory authority and must be set aside, with costs. What we said in the opinion in No. 372 with reference to the position of the township committee is equally applicable here.